**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

EMILIO JOSE TORREALBA-HERRERA, :
        Petitioner, :
                :
     v.            :    No. 2:26-cv-4962
                :
J.L. JAMISON, *et al.*,     :
        Respondents. :

---

**O R D E R**

**AND NOW,** this 27th day of July, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 5;[2] and Petitioner's Reply, ECF No. 6;[3] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa.

---

[1]     Petitioner Emilio Jose Torrealba-Herrera, a native of Venezuela, entered the United States on or around May 12, 2023. *See* Pet. ¶ 1, ECF No. 1. Shortly thereafter, he was encountered by officers from the Department of Homeland Security ("DHS"), processed, and released. *See id.* ¶ 18. He lived in Philadelphia, Pennsylvania and worked multiple jobs. *See id.* at ¶ 19. Torrealba-Herrera has complied with all release conditions and has filed an application for asylum, which is pending. *See id.* ¶¶ 20, 37. On or about July 15, 2026, Torrealba-Herrera was taken into custody by immigration officials at a scheduled check-in with DHS. *See id.* ¶ 21. Although the petition does not specifically state that Torrealba-Herrera is being held without a bond hearing, this Court reasonably infers the same based on the arguments contained therein, s*ee, e.g. id.* ¶¶ 31, 39, 52. Torrealba-Herrera filed the instant habeas petition on July 17, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"); (2) the Administrative Procedures Act ("APA"); and (3)-(4) Fifth Amendment due process. *See id.* ¶¶ 41-61. Additionally, Torrealba-Herrera argues that if this Court finds a bond hearing is necessary, it should be conducted in this Court because a bond hearing before an immigration judge is not an adequate remedy. *See id.* at ¶¶ 37-40. He asserts: "Immigration judges have unreasonably refused to grant bond despite evidence that a noncitizen is not a danger or a flight risk, requiring petitioners to seek further relief from habeas courts." *Id.*

[2]     On July 29, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See id.* Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

[3]     Torrealba-Herrera argues that because he was re-detained while complying with the condition of release, he has shown he is not a flight risk and release is the appropriate remedy. *See* Reply 5-14, ECF No. 6.

January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[4]

**IT IS ORDERED THAT**:

    1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[5] as follows:

    A.    Petitioner Emilio Jose Torrealba-Herrera is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

    B.    **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

    C.    If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

---

[4]    These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District.  In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).  The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[5]    Torrealba-Herrera's continued detention without a bond hearing violates the INA.  As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process.  Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.  Because his request for immediate release is denied, so too is his request for return of property.  Torrealba-Herrera's request that this Court hold a bond hearing instead of an immigration judge is also denied.  *See Hernandez v. Mullin*, No. 3:26cv1152, 2026 U.S. Dist. LEXIS 113052, at *7 (M.D. Pa. May 21, 2026) (rejecting the petitioner's argument that bond hearings before immigration judges are inadequate because they uniformly deny bond and holding that the "court cannot determine whether [the petitioner] will receive constitutionally adequate process in the future[; i]t can only determine that he received constitutionally inadequate process before today"); *Cahuec v. Soto*, No. 25-17389 (GC), 2025 U.S. Dist. LEXIS 254365, at *4 (D.N.J. Dec. 8, 2025) (denying the petitioner's request for immediate release instead of a new bond hearing because the court would "not speculate as to whether, if the Court were to order a bond hearing for Petitioner, the IJ would violate Petitioner's procedural due process rights").  Finally, to the extent he seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in *Moreno Ramirez v. Jamison, et al.*, No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.

2.      The Motion to Appoint the Federal Community Defender Office as Counsel and to Waive the Filing Fee, ECF No. 2, is **DENIED**.[6]  It is further ordered as follows:

---

[6]      Although there is no constitutional or statutory right to appointment of counsel in a federal habeas corpus proceeding, *see Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), the court has discretion to request "an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law.  *Montgomery*, 294 F.3d at 499.  If a plaintiff overcomes this threshold hurdle, other factors to be examined are:
   (1) the plaintiff's ability to present his or her own case;
   (2) the difficulty of the particular legal issues;
   (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
   (4) the plaintiff's capacity to retain counsel on his or her own behalf;
   (5) the extent to which the case is likely to turn on credibility determinations; and
   (6) whether the case will require testimony from expert witnesses.
*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).  Since *Montgomery*, the Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007).
         Because the habeas petition has merit, Torrealba-Herrera has overcome the "threshold hurdle" for appointment of counsel; however, the remaining factors weigh against the appointment of counsel.  Contrary to the suggestion in the Motion, *see* Mot. 2, ECF No. 2, the issues in the petition are neither novel nor complex.  In less than a year, this district has addressed hundreds of similar habeas petitions.  The Undersigned has granted more than three dozen such petitions in the last six months alone.  These petitions are essentially form petitions, as reflected by the fact that the Government has stopped filing case-specific responses and instead refers to previously filed responses.  This case, as in similar cases, does not require an investigation or discovery, supplemental briefing, an evidentiary hearing, or expert testimony.  Because this Court is ordering that the immigration court hold the bond hearing, there are also no issues of credibility.  Torrealba-Herrera has the ability to present the case on his own and, regardless, the case is now closed. *See also Haines v. Kerner*, 404 U.S. 519 (1972) (holding that the court has a duty to construe pro se pleadings liberally).  For all these reasons, the motion to appoint counsel is denied.
         As to the request to waive the filing fee, it is denied for lack of support.  There are no allegations, let alone specific information showing, that Torrealba-Herrera lacks the financial means to pay the $5.00 filing fee.  Rather, the motion makes general statements that "[i]mmigration *detainees . . .* are *typically* not at the FDC long enough to load funds onto institutional accounts that would allow them to pay the $5.00 filing fee required for habeas petitions," that "*they* are also *typically* unable to contact relatives who might be able to assist with depositing the funds required to pay the filing fee," that "*[m]ost* detainees are arrested without notice, and *man*y do not know the

   A.  **Within thirty (30) days of the date of this Order**, Torrealba-Herrera shall pay the $5.00 filing fee.

   3.  The Clerk of Court shall mark this case **CLOSED**.

             BY THE COURT:


             */s/ Joseph F. Leeson, Jr.*
             JOSEPH F. LEESON, JR.
             United States District Judge

---

contact information for their loved ones once their mobile phones are confiscated." *See* Mot. 2. The request to waive the filing fee is therefore denied. However, because of the time sensitive nature of the petition, this Court allows Torrealba-Herrera to proceed without pre-paying the filing fee and he will be directed satisfy the filing fee within thirty (30) days of the date of this Order.